# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| EMIR FETAI, Individually and on Behalf of All Others Similarly Situated, | Case No.: 17-cv-430 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | |
| GC SERVICES LIMITED PARTNERSHIP, | **Jury Trial Demanded** |
| Defendant. | |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Emir Fetai is an individual who resides in the Eastern District of Wisconsin (Kenosha County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him a debt allegedly incurred for personal, family or household purposes.

5. Defendant GC Services, Limited Partnership ("GCS") is a foreign corporation with its principal place of business located at 6330 Gulfton, Houston, TX 77081.

6. GCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. GCS is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. GCS is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

8. On or about December 28, 2016, GCS mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "Citibank, N.A." ("Citibank"). A copy of this letter is attached to this Complaint as Exhibit A.

9. Upon information and belief, the alleged debt referenced in Exhibit A is an alleged personal credit card account, used only for personal, family or household purposes.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Upon information and belief, Exhibit A is a form debt collection letter used by Credit Control to attempt to collect alleged debts.

12. Exhibit A contains a settlement offer that contradicts itself.

13. Exhibit A contains the following settlement offer:

> We'd like to let you know that our client, Citibank, N.A., has authorized us to make you a settlement offer on your account. If you pay 60% of the New Balance, our client will consider your account settled.
> This is an excellent opportunity to take care of your account. If you wish to take advantage of this offer, either call our office at 866-749-7275 or mail us your payment of $392.50.
> Please note the payment must be for the exact amount stated in this letter and must be received no later than fourteen (14) days from the date of this letter or this particular offer will be null and void. Please understand our client is not obligated to renew this offer.

14. Exhibit A states that payment "for the exact amount stated in this letter" must be received within 14 days of the date of Exhibit A in order to accept the offer. Exhibit A.

2

15. Just below that, however, Exhibit A states:

> * As of the date of this letter, you owe $654.17. Because of interest, late charges, and other charges that may vary from day to day, the amount owed on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you.

16. Exhibit A implies that the amount of money necessary to settle the alleged debt changes and may not be the amount stated in the letter.

17. However, in reality, either the settlement offer is for the set, pre-determined amount of $392.50 or it is not. It either varies or it does not.

18. Exhibit A fails to state the terms of the settlement offer in a non-confusing manner. The amounts $654.17 and $392.50 are both "shown above" the language identified in Paragraph 15 of this complaint.

19. The unsophisticated consumer could not determine from Exhibit A if the settlement offer is for a set amount or a possibly variable amount.

20. The normal meaning of "settling" a debt means that the debt is permanently resolved in exchange for a payment of a portion of the balance.

21. The consumer could send a check for $392.50 and would not know whether he had sent enough money to actually settle the account, due to the possibility that GCS or Citibank had added interest or other charges to the settlement amount.

22. The consequences of misleading a consumer with respect to settling a debt are much greater than misleading about the amount of the debt. A payment of the entire debt would leave pennies or, at most, a few dollars left over for payment later. *See eg. Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000). Due to a few remaining dollars or cents of interest, however, GCS could continue to collect the entire remaining balance of the alleged debt.

23. Plaintiff was confused by Exhibit A.

24. Plaintiff had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

25. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

26. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

27. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt

4

Case 2:17-cv-00430-LA   Filed 03/24/17   Page 4 of 7   Document 1

collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

28. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. 15 U.S.C. § 1692e(2)(a) specifically prohibits "The false representation of— the character, amount, or legal status of any debt.

30. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

31. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

## **COUNT I – FDCPA**

32. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

33. GCS's letter provides a purported "settlement offer," but that offer is misleading, as the amount necessary to effectuate the settlement may be greater than the amount printed on the letter and is unspecified.

34. A consumer who mails a payment in the full amount of the "settlement amount" listed on the letter may not have sent enough money to actually settle the claim.

5

35. GCS's letter encourages settlement payments to be short of the amount necessary for the creditor to agree to settle the alleged debt, allowing GCS or the creditor to continue collecting the remaining balance of the alleged debt, plus additional interest.

36. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10) and 1692f.

## CLASS ALLEGATIONS

37. Plaintiff brings this action on behalf of a Class consisting of (a) all natural persons in the State of Wisconsin, (b) who were sent collection letters in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt, incurred for personal, family or household purposes, (d) between March 24, 2016 and March 24, 2017, inclusive, (e) that was not returned by the postal service.

38. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

39. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

40. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

41. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

42. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

43. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: March 24, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com